[No. 2006.]

### *Ex Parte* Frank Dickson.

Habeas Corpus — Murder — Fact Case.— See the statement of the case for evidence in a *habeas corpus* proceeding for bail, under an indictment for murder, *held* insufficient to authorize the refusal of bail.

*Habeas Corpus* on appeal from the District Court of Lavaca. Tried below before the Hon. George McCormick.

By indictment filed on the 12th day of February, 1886, the relator was charged with the murder of one J. A. Campion, in Lavaca county, Texas, on the 18th day of October, 1885. On the same day

that the indictment was filed the relator sued out a writ of *habeas corpus,* upon the hearing of which bail was refused, and the relator was remanded to the custody of the sheriff. From the order of the judge below refusing bail this appeal is prosecuted.

Charley Humphries was the first witness introduced by the relator. He testified that he was at the party in the village of Witting, Lavaca county, at which the homicide occurred, on the night of October 18, 1885. The entertainment consisted of beer drinking and dancing. While the witness, the relator and Bob Martin were standing facing the bar, witness slightly in advance, some one rushed to the front of the relator, from his right side, and threw his arms about the relator. The latter hallooed: "Who in the h—ll are you?" or "What in the h—ll do you want?" The two scuffled until they came well into the light, when both fired almost together — the other man — the deceased, saying nothing whatever prior to the shooting. At the third shot the deceased fell, and the relator backed off with his pistol in his hand. The relator's hat, which was taken from the floor after the shooting, was found to be powderburned. Witness knew the deceased well, but did not recognize him until he was pushed from the bar into a better light.

Cross-examined, the witness stated that he, the relator and Martin were talking quietly when deceased assaulted the relator. Deceased said nothing at the time. Witness did not go to or from the party in company with the relator. Witness had no pistol that night. He saw a pistol in the relator's possession before the difficulty. The beer-bar was outside of the house. At the bar and just before the shooting, witness heard some one call for a "Winchester," when he took refuge behind a tree. He afterwards assisted in removing the body of the deceased into the house. There was no manner of disturbance in progress at the time the deceased came up to the beer-stand. Witness saw the deceased once before on that night, and knew that he was an officer. He was unable to say whether or not the relator was acquainted with the deceased or knew who he was.

The relator admitted that the deceased, when shot, was constable of beat number one of Lavaca county, and, for the purpose of this proceeding only, admitted that the deceased died from the wound inflicted on the occasion testified to by Humphries. Humphries, resuming, testified that some glasses were broken at the beer-bar, about twenty minutes before the shooting, but he did not know who broke them. He did not know whether deceased threw his arms about relator's person for the purpose of searching him, or for the

purpose of securing him. The shooting occurred on "a sort of a hurrah night."

Robert Martin testified, for the State, that he was present at the frolic and saw the last shot fired. He, in company with relator and Humphries, was standing and talking, some fifteen paces from the beer-stand. Witness's back was towards the relator and his face towards the beer-stand. He heard two shots fired in rapid succession, and then a third, and saw the deceased, who was then backing, fall. The relator fired the fatal shot. Witness heard no conversation or scuffle before he heard the two shots. He did not know where Humphries was standing at the time of the shooting. Deceased was ten or fifteen feet from the relator when the fatal shot was fired. Witness saw the relator have a pistol at an earlier hour of the night, and knew that he broke a beer-glass at the beer-stand with the pistol. Witness went from, but not to the frolic with the relator. Deceased was an officer. The beer-stand stood in a grove outside of the house, and the shooting occurred outside of the house.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney-General, for the State.

HURT, JUDGE. The appellant is charged, by indictment pending in the district court of Lavaca county, with the murder of one Campion. He sued out a writ of *habeas corpus*, and upon the hearing before the Hon. Geo. McCormick he was refused bail; and he appeals to this court.

For obvious reasons we refrain from any discussion of the evidence presented in the record, but we are of the opinion that the judgment was erroneous. It is therefore reversed, and the defendant ordered to be released from custody upon his furnishing bail in the manner provided by law in the sum of $5,000.

*Ordered accordingly.*